THE HONORABLE SAMUEL J. STEINER
Chapter 7
Hearing: May 15th, 2009 @ 9:30 a.m.
Response Date: May 8th 2009

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: <br> MARK FOXTON MARING, individually and as successor in interest to F/V TIGER INC.; FRANCES M. INC.; MARK F. MARING ENTERPRISES 11, INC.; POLMAR FISHERIES INC.; POLMAR FISHERIES INC.; POLMAR INTERNATIONAL INC.; POLMAR INTERNATIONAL 1, LLC, all Washington companies, <br> Debtors. | Jointly Administered Under <br> No. 06-12691-SJS <br> NOTICE OF HEARING ON TRUSTEE'S MOTIONS TO (1) AUTHORIZE EMPLOYMENT OF COE AND GREEN ON EXXON CLAIM NUNC PRO TUNC; (2) APPROVE INTERIM COMPENSATION OF ACCOUNTANTS FOR ESTATE; (3) APPROVE INTERIM COMPENSATION OF TRUSTEE (4) TO AUTHORIZE TRUSTEE TO DISPOSE OF PERSONAL PROPERTY IN STORAGE (5) MOTION TO ABANDON INTEREST IN NORTHLAND PROCESSING RIGHTS AND (6) MOTION TO PAY COURT COSTS |
| In re: <br> DESTINY SEAFOODS LLC, <br> Debtor. | No. 06-12688-SJS |
| In re: <br> EAGLE INC., <br> Debtor. | No. 06-12684-SJS |
| In re: <br> ORION FISHERIES INC., <br> Debtor. | No. 06-12689-KAO |

NOTICE HEARING REGARDING VARIOUS MATTERS 1

MCCARTY & GEBBEN, LLP
ATTORNEYS AT LAW
3245 146TH PL. SE STE 330
BELLEVUE, WA 98007
(425) 653-5987
MCCARTY@MGATTY.COM

1

| | |
|---|---|
| In re: <br> NORTHLAND FISHERIES, INC., <br> Debtor. | No. 06-12687-SJS |
| In re: <br> BLUE ICE, INC., <br> Debtor. | No. 06-12681-SJS |
| In re: <br> NORTHERN ORION, INC., <br> Debtor. | No. 06-12683-KAO |
| In re: <br> MARK MARING II, INC., <br> Debtor. | No. 06-12682-SJS |
| In re: <br> SITKIN ISLAND INC., <br> Debtor. | No. 06-12690-SJS |

**TO: THE DEBTORS, THEIR CREDITORS AND OTHER PARTIES IN INTEREST**

PLEASE TAKE NOTICE that a hearing shall be held on the 15th day of May, 2009 at 9:30 a.m. in Courtroom 8206, United States Courthouse, 700 Stewart Street, Seattle, WA 98101 on the matters described below. Responses or objections are due, in writing, by the close of business, May 8th, 2009. If no objections or responses are filed the Trustee will present an Order on an *ex parte* basis granting the relief sought and the hearing will be stricken. The Trustee has filed a Motion to Authorize the retention of Green and Coe, a Motion to Dispose of Personal Property in Storage and pay costs, and a motion to abandon the Northland Processing rights. In addition, the Trustee has filed an Interim Report and Account and Application for Interim Compensation and the accountants, Dawson and Gerbic has also filed a separate Application for Interim Compensation. These documents may be reviewed at the Clerk's office, on ECF or copies may be requested from the Trustee.

**TRUSTEE'S APPLICATION TO HIRE GREEN AND COE
IN CONNECTION WITH EXXON LITIGATION**

Northland Fisheries, Inc. hired Robert Green and Charles Coe to represent it in the Exxon Valdez litigation. The Trustee now requests authority to hire them. This is a contingent fee case. The prior notice indicated that the total contingency fee was to be 15%. This is not quite correct. The total fee to be received by Green and Coe is 15% of the gross recovery. However, in addition, the Federal District Court has approved a percentage of 3% for the Committee Fees. This is less than the 22.9% total fees approved by the Federal District Court in the litigation. The U.S. Trustee has indicated that this Order must be entered *nunc pro tunc* because it should have been entered previously. The Trustee

NOTICE HEARING REGARDING VARIOUS MATTERS
2

MCCARTY & GEBBEN, LLP
ATTORNEYS AT LAW
3245 146TH PL. SE STE 330
BELLEVUE, WA 98007
(425) 653-5987
MCCARTY@MGATTY.COM

2

Case 06-12691-TWD    Doc 228    Filed 04/22/09    Ent. 04/22/09 15:20:33    Pg. 2 of 4

therefore requests that the order be so entered. Since this is a contingent fee case and Mr. Coe and Mr. Green are not billing for their time, the fee is not earned until the settlement is completed.

## APPLICATION FOR INTERIM COMPENSATION BY DAWSON AND GERBIC, LLP

Dawson and Gerbic, LLP were hired by Robert Steinberg, and subsequently Michael B. McCarty, to provide accounting services to the estate. Dawson and Gerbic, LLC has filed a fee application requesting compensation in the amount of $288,646.50 and reimbursement of costs in the amount of $1,746.29.

## APPLICATION BY TRUSTEE FOR INTERIM COMPENSATION AND TRUSTEE'S REQUEST FOR ORDER REGARDING SHORTAGE OF FUNDS TO PAY PROFESSIONALS IN FULL AND PROVIDING NO FUTURE DISGORGEMENT OF FEES ALLOWED WITH RESPECT TO POTENTIAL FUTURE FEE REQUESTS OF OTHER PROFESSIONALS

Michael B. McCarty, the successor trustee to Robert Steinberg, has filed an interim fee application in the amount of $ 74,193.40 which represents the maximum compensation allowable under the statute calculating the fee on the receipts of each of the estates.

In connection with the fee applications the Trustee would point out the following facts. The attorney for the Trustee has not yet filed a fee application. Based upon bills sent to the trustee by the attorneys, the attorneys' fees and costs are approximately $450,000.

At this time there is only $277,586.84 on hand in these consolidated estates. In addition to the attorneys' fees, the prior trustee, Robert Steinberg has not received payment for any services he rendered to these estates. If the Court approves fees the Trustee would request that the Court provide that $7,500 be retained by the estates to pay any other costs that may arise. Additionally, the Trustee is proposing that Court costs be paid in the amount of $500.00. By the time of the hearing approximately $350.00 will have been disbursed to cover the trustee's mandatory bond costs. The costs of disposing of the personal property in storage and paying any additional costs of storage are estimated to be between $3,000 and $5,000.

The current trustee has spent over 282 hours on this case which, at his normal hourly rate, would equate to a fee in excess of $110,000.

The Trustee is requesting that the Court approve and pay his interim compensation in the amount of $ 74,193.40. With respect to the accounting fees, the Trustee would suggest there should be some apportionment between the attorneys and the accountants of the remaining funds, although, since the attorneys have not submitted a fee application, the Trustee makes no recommendation with respect to any pro ration at this time. Other fees have been paid in this case. The Trustee requests that the Court award interim compensation to the Trustee as requested and compensation to the accountants and that the Court also provide that these fees are not subject to future disgorgement with respect to any other fee requests of the former trustee, Robert Steinberg or the attorney, Mary Jo Heston.

NOTICE HEARING REGARDING VARIOUS MATTERS 3

**MCCARTY & GEBBEN, LLP**
ATTORNEYS AT LAW
3245 146TH PL. SE STE 330
BELLEVUE, WA 98007
(425) 653-5987
MCCARTY@MGATTY.COM

3

Case 06-12691-TWD    Doc 228    Filed 04/22/09    Ent. 04/22/09 15:20:33    Pg. 3 of 4

## MOTION TO ABANDON FISH PROCESSING RIGHTS OF NORTHLAND FISHERIES

Some creditors of this estate have suggested that the fish processing rights of Northland Fisheries may have some value if a new permit can be obtained. Efforts to negotiate with those creditors to pay the costs of the attempt to obtain the permit have been unsuccessful. The estates do not have the resources to pay for the cost of obtaining these permits and the Trustee believes that such an endeavor is highly speculative and unlikely to succeed. Therefore, the Trustee moves to abandon any rights the estates may have to any fish processing rights that may belong to Northland Fisheries.

## MOTION TO ABANDON AND DESTROY RECORDS AND TO GIVE OFFICE EQUIPMENT AND OTHER PERSONAL PROPERTY FOR COSTS OF REMOVAL AND TO PAY REASONABLE COSTS DISPOSING OF PAPER

The debtors have a storage locker at Fisherman's terminal that is full of boxes of records from the various businesses of the debtor and personal property including office equipment, some miscellaneous fishing equipment ( a net for example) as well as some miscellaneous pieces of yard and garden equipment.. The Trustee met with an auctioneer at the storage locker who informed the trustee that the personal property had little or no value and the cost of disposing of the paper and property would be $2,500 to $5,000. The auctioneer and the Trustee have found a person who will remove (and keep) the personal property for free and the Trustee proposes to dispose of that property in than manner. The recipient is Bill Burbee who sometimes works as an independent contractor as a mover for the James G. Murphy Company. The costs of shredding the paper is approximately $6.00 per box and the trustee would estimate that there are 400 boxes of documents although the number could be twice that. The Trustee requests authority to pay the costs of the destruction of the records and to pay any additional storage costs that have accrued.

*/s/Michael B, McCarty*
Michael B. McCarty, Chapter 7 Trustee
WSBA#13162

NOTICE HEARING REGARDING VARIOUS MATTERS 4

MCCARTY & GEBBEN, LLP
ATTORNEYS AT LAW
3245 146TH PL. SE STE 330
BELLEVUE, WA 98007
(425) 653-5987
MCCARTY@MGATTY.COM

4

Case 06-12691-TWD    Doc 228    Filed 04/22/09    Ent. 04/22/09 15:20:33    Pg. 4 of 4